JOHN L. BURRIS Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
JAMES COOK Esq., SBN 300212
**BURRIS, NISENBAUM, CURRY AND LACY, LLP**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
James.Cook@johnburrislaw.com

Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MADRID, individually and as co-successor-in-interest to Decedent CONRAD MADRID; MICHAEL MADRID, individually and as co-successor-in-interest to Decedent CONRAD MADRID; C.M., the minor child of Decedent CONRAD MADRID, by and through Guardian Ad Litem COLLEEN LUJAN, <br><br> Plaintiffs, <br><br> vs. <br><br><br> COUNTY OF TULARE, a municipal corporation; and DOES 1-50, inclusive, individually, jointly, and severally, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

### <u>INTRODUCTION</u>

1.     This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and

1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under

the common law of California, for COUNTY OF TULARE Sheriff's Deputies' acts of negligence against CONRAD MADRID.

## JURISDICTION

2.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the County of Tulare, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

## PARTIES

3.      Decedent CONRAD MADRID, (Hereinafter "DECEDENT" or "MADRID") was an individual residing in the State of California and a United States Citizen.

4.      Plaintiff LAURA MADRID, (Hereinafter "PLAINTIFF" or "MS. MADRID") was an individual residing in the State of California and a United States Citizen. She sues individually, and as co-succsessor-in-interest to DECEDENT.

5.      Plaintiff MICHAEL MADRID, (Hereinafter "PLAINTIFF") was an individual residing in the State of California and a United States Citizen. He sues individually, and as co-succsessor-in-interest to DECEDENT.

6.      Plaintiff C.M., by and through Guardian Ad Litem COLLEEN LUJAN (Hereinafter "PLAINTIFF" or "C.M."), was an individual residing in the State of California and a United States Citizen. C.M sues individually, and as co-succsessor-in-interest to DECEDENT.

7.      Defendant COUNTY OF TULARE ("COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY OF TULARE Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant COUNTY was the employer of DOES 1-50 individually and in their official capacity.

8.  Plaintiff is ignorant of the true names and capacities of Defendants DOES 1-50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

9.  Plaintiff is required to comply with an administrative tort claim requirement under California law. On January 25, 2023 Plaintiff filed a claim to the Clerks' Offices for the COUNTY OF TULARE. Plaintiff has exhausted all administrative remedies pursuant to California Government Code § 910.

## FACTUAL ALLEGATIONS

10.  The incident took place on September 7, 2023. The time was approximately 2:15 P.M. The location was the Tulare County Adult Pre-Trial Facility at 36650 Rd 112, Visalia, CA 93291. Tulare County Sheriff's deputies were deliberately indifferent to Conrad Madrid medical needs.

11.  Mr. Madrid previously stayed at Tulare County Jail in August 2023. Madrid cut his wrist. Deputies transferred him to the hospital. They placed him on suicide watch. Mr. Madrid was later released. However, on September 2, 2023, Mr. Madrid again became a detainee at the jail. Madrid struggled with his mental health. Due to his previous detainment, staff at the jail knew, or should have known, that Madrid suffered from suicidal ideations. However, jail staff failed to take necessary precautions to protect Mr. Madrid from suicide. Jail staff failed to place Madrid on suicide watch, to consistently watch him, or to remove items which Madrid could use to commit suicide. Then, on September 4, 2023, Mr. Madrid requested a medical prescription. Deputies ignored his request, further denying him medical care. On September 7, 2023, Mr. Madrid tied his sweatpants to one end of the cell bunk. He then hung himself using his sweatpants.

12.     As a result, Mr. Madrid died. He is survived by his children LAURA MADRID, MICHAEL MADRID and C.M.

**FIRST CAUSE OF ACTION**
**(Fourteenth Amendment, 42 U.S.C. § 1983)**
**(Violation of Decedent CONRAD MADRID's Substantive Due Process Rights)**
**(All Plaintiffs, as co-successors-in-interest to DECEDENT, against COUNTY OF TULARE and DOES 1-50)**

13.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 12 of this Complaint.

14.     The foregoing claim for relief arose in Decedent's favor, and CONRAD MADRID would have been the PLAINTIFF with respect to this claim had he lived.

15.     As set forth above, decedent CONRAD MADRID was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the COUNTY OF TULARE, which rights include, but are not limited to, privileges and immunities secured to Decedent by the Constitution and laws of the United States. By reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests of decedent.

16.     DECEDENT was a pretrial detainee who had not been convicted of any crime. CONRAD MADRID had a due process right to be free from the acts of Defendants that would cause him serious injury. On September 2, 2023, Mr. MADRID was booked into Tulare County Jail. On September 4, 2023, MADRID suffered from a mental health crisis. During this crisis, MADRID requested a medical prescription. Tulare County Sheriff's deputies were deliberately indifferent to MADRID'S needs, and failed to render any medical care to MADRID with regards to his suicidal ideations. On September 7, 2023, MADRID tied his sweatpants to one end of the cell bunk. MADRID proceeded to hang himself. Tulare County Deputies pronounced MADRID dead at the scene. MADRID's death was the direct result of Defendants' failure to employ adequate suicide prevention measures.

17.     The conduct of Defendants amounted to medical malpractice.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Fourteenth Amendment, 42 U.S.C. § 1983)
### (Violations of PLAINTIFF'S Right to a Familial Relationship)
### (All Plaintiffs, in their individual capacities, against COUNTY and DOES 1-50)

18.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 17 of this Complaint.

19.     As a legal cause of Defendants' acting under color of law, acts and/or inactions, and whose deliberate indifference caused injuries which resulted in CONRAD MADRID's death, PLAINTIFF was deprived of their constitutional rights to a familial relationship, in violation of rights, privileges, and immunities secured by the Fourteenth Amendments to the United States Constitution.

20.     COUNTY jail staff's deliberate indifference to MR. MADRID's need for medical attention shocks the conscious. Defendants' failure to properly supervise and respond to MADRID's requests for medication ultimately caused his death. On September 7, 2023, MR. MADRID hung himself in his cell. COUNTY jail staff failed to fulfill their responsibility as wardens of MADRID's health. The following morning, COUNTY staff pronounced MR. MADRID dead. Defendants' actions ultimately prevented PLAINTIFF from exercising their right to a familial relationship with CONRAD MADRID.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Fourteenth Amendment – Deliberate Indifference/Denial of Medical Care)
### (42 U.S.C. §1983)
### (All Plaintiffs, as co-successors-in-interest to DECEDENT, against COUNTY OF TULARE and DOES 1-50)

21.     Plaintiffs re-allege and incorporates by reference paragraphs 1 through 20 of this Complaint.

22.     As set forth above, Decedent CONRAD MADRID was subjected to deprivation of rights by Defendants acting under color of law of the United States and the State of California, which rights include, but are not limited to, privileges and immunities secured to PLAINTIFF by the Constitution and laws of the United States. By reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests of Decedent MR. MADRID. Defendants knew or should have known that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, leading to MADRID's death.  The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the Decedent.

23.     Defendants knew or had reason to know that Decedent MR. MADRID was in need of medical treatment as a result of performing their regular duties and supervisory guard checks. However, Defendants' negligent acts ultimately caused MADRID's death. On September 4, 2023, MADRID suffered a medical emergency. MR. MADRID requested a medical prescription. COUNTY jail staff failed to provide medication to MADRID. Then, on September 7, 2023, MR. MADRID tied his sweatpants to one end of the cell bunk. MADRID proceeded to hang himself. MR. MADRID went without help until morning checks on September 7, 2023. COUNTY staff pronounced MADRID dead. DOES 1-50, as COUNTY OF TULARE deputies, knew or should have known that MR. MADRID required urgent medical treatment. Defendants' actions ultimately resulted in Decedent MADRID experiencing extreme prolonged pain and suffering prior to his death three day later.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (All Plaintiffs, as co-successors-in-interest to DECEDENT, against COUNTY OF TULARE and DOES 1-50)

24.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

25.     Defendants' above-described conduct was extreme, unreasonable, and outrageous. Defendants' failure to perform their regular duties and supervisory guard checks resulted in Decedent MR. MADRID's suffering emotional distress from his unaddressed medical emergency. Defendants knew, or should have known, their actions would cause emotional distress to Decedent MADRID.

26.     In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Decedent MADRID would suffer extreme emotional distress as a direct result of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
**(Violation of California Government Code § 845.6)**
**(All Plaintiffs, as co-successors-in-interest to DECEDENT, against COUNTY OF TULARE and DOES 1-50)**

27.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

28.     COUNTY OF TULARE jail staff knew or had reason to know in performing their regular duties and supervisory guard checks that Decedent CONRAD MADRID needed immediate and higher-level medical care, treatment, observation and monitoring following his medical emergency. Defendants, acting within the course and scope of their employment, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide CONRAD MADRID with access to such care and treatment in violation of California Government Code § 845.6 following his medical emergency and cries for help. Specifically, COUNTY OF TULARE jail staff failed to properly monitor MR. MADRID while in their facility.

29.    As legal cause of the aforementioned acts of all Defendants, Decedent MADRID died the following day.

30.    PLAINTIFFS' losses entitle them to all damages allowable under California law. As such, PLAINTIFFS are entitled to damages, penalties, costs, and attorney fees under California law.

31.    COUNTY OF TULARE and DOES 1-50's medical malpractice caused CONRAD MADRID'S death.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(C.C.P. §§ 377.60 and 377.61)**
**(Wrongful Death-Negligence)**
**(Violation of California Government Code § 845.6)**
**(All Plaintiffs, as co-successors-in-interest to DECEDENT, against COUNTY OF TULARE and DOES 1-50)**

32.    PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33.    Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendants, as set forth herein-above proximately caused the death of CONRAD MADRID.

34.    COUNTY OF TULARE jail staff owed DECEDENT MADRID, a pretrial detainee under the custody of COUNTY, a duty of care under the fourteenth amendment. Defendants also had a duty to preserve PLAINTIFF's right to a familial relationship with MR. MADRID. However, COUNTY staff breached their duty by failing to properly monitor MADRID as part of their regular duties and supervisory guard checks.

35.    As an actual and proximate result of Defendants' negligence, and the death of CONRAD MADRID, PLAINTIFF has sustained pecuniary losses resulting from the loss of comfort, society, attention, services, and support of father, CONRAD MADRID, in an amount according to proof at trial.

36.     As a further actual and proximate result of said Defendants' negligence, PLAINTIFF has incurred expenses, in an amount according to proof at trial.

37.     Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff brought this action, and claims damages from said Defendants for the wrongful death of CONRAD MADRID and the resulting injuries and damages.

38.     CONRAD MADRID died due to collective negligence by COUNTY staff.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.     For general damages according to proof;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.     For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants COUNTY OF TULARE and DOES 1-50 and/or each of them;

4.     Any and all permissible statutory damages;

5.     For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6.     For cost of suit herein incurred; and

7.     For such other and further relief as the Court deems just and proper.


Dated: March 25, 2024          **BURRIS, NISENBAUM, CURRY AND LACY, LLP**


                                        /s/ *John L. Burris*
                                        John L. Burris
                                        Benjamin Nisenbaum

James Cook
Attorneys for Plaintiff