**JOHN L. BURRIS, ESQ., SBN 69888**
**BEN NISENBAUM, ESQ., SBN 222173**
**JAMES COOK, ESQ., SBN 300212**
**BURRIS, NISENBAUM, CURRY, & LACY, LLP**
Airport Corporate Center
7677 Oakport Street, Suite 1120 Oakland, CA 94621
Telephone:  (510) 839-5200
Facsimile:  (510) 839-3882
Email:  John.Burris@johnburrislaw.com
Email:  Ben.Nisenbaum@johnburrislaw.com
Email:  James.Cook@johnburrislaw.com

Attorneys for Plaintiffs,
LAURA MADRID, *et al*.

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MADRID, et al.,<br><br>Plaintiffs,<br>vs.<br><br>COUNTY OF TULARE, et al.,<br><br>Defendants. | CASE NO.: 1:24-cv-00351-BAM<br><br>**STIPULATION AND** ~~**PROPOSED**~~ **ORDER FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**ORDER STRIKING FIRST AMENDED COMPLAINT AND ANSWER** |

The parties, by and through their respective attorneys, respectfully submit the following stipulation and proposed order for leave for Plaintiffs to file a First Amended Complaint.

Whereas, during the normal course of discovery, Plaintiffs identified new defendants who Plaintiffs intend to name in this matter.

Whereas, the parties met and conferred and stipulated to allow Plaintiffs to name Wellpath Management, Inc., and Wellpath nurse Cathy Wojtasiewicz as defendants in this matter.

Whereas, the deadline for Plaintiffs to amend the pleadings is currently set for January 31, 2025, pursuant to the Court's order at Docket No. 20. As such, the parties respectfully request and stipulate to leave for Plaintiffs to file a First Amended Complaint to add the new defendants.

It is so stipulated.

It is so stipulated.

Dated:  January 14, 2025    **BURRIS, NISENBAUM, CURRY, & LACY, LLP**

/s/ *James Cook*
James Cook
Attorney for Plaintiffs

Dated:  January 14, 2025    **LEBEAU THELEN, LLP**

By: /s/ *Gary L. Logan*
Gary L. Logan
Attorney for Defendant

## **ORDER**

On March 25, 2025, Plaintiffs filed their complaint. (Doc. 1.) On October 1, 2024, the Court entered its Scheduling Conference Order, which stated that all stipulated amendments or motions to amend shall be filed by January 31, 2025. (Doc. 20 at 2.) On December 5, 2024, Plaintiffs filed a First Amended Complaint on the docket without seeking leave to amend. (Doc. 24.) On January 8, 2025, Defendant County of Tulare filed an answer to Plaintiffs' First Amended Complaint. (Doc. 25.)

Federal Rule of Civil Procedure 15 provides that "A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2.)

Plaintiffs' docketed First Amended Complaint did not comply with the requirements of Federal Rule of Civil Procedure 15, as it was untimely and no stipulation or leave was granted. (*See* Doc. 24.) As Plaintiffs did not comply with the Federal Rules of Civil Procedure for amendment, the Court will STRIKE the First Amended Complaint (Doc. 24) and Defendant County of Tulare's answer (Doc. 25).

///

///

///

///

///

Turning to the parties' stipulation, Plaintiffs now seek to name "Wellpath Management, Inc., and Wellpath nurse Cathy Wojtasiewicz as defendants in this matter." (Doc. 26 at 1.) The Court is informed that the parties Plaintiffs seek to add may be subject to a stay related to bankruptcy proceedings for Wellpath Holdings, Inc. *See Regalado v. Fresno County, et al.*, 1:23-cv-00672-KES-BAM. In *Regalado v. Fresno County*, the Court issued an order to show cause why the case should not be stayed given Defendant Wellpath, LLC's suggestion of bankruptcy and notice of stay. (Docs. 61, 65.) In the supporting documents to the suggestion of bankruptcy, Wellpath Management, Inc. appears to be a debtor or affiliate entity. (Doc. 61-1 at 6, 29, 36.)

Plaintiffs shall therefore provide supplemental briefing on or before **January 24, 2025**, to show why these defendants may be named, whether naming the defendants would violate the bankruptcy stay, and whether this would render amendment futile. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted) (Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.").

IT IS SO ORDERED.

Dated:   **January 14, 2025**          /s/ Barbara A. McAuliffe          
                                    UNITED STATES MAGISTRATE JUDGE